**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**

**ADRIAN PINEDA-CARBAJAL**

**CRIMINAL ACTION FILE**
**NO. 1:19-CR-304-ELR-JEM**

## UNITED STATES MAGISTRATE JUDGE'S <u>NON-FINAL REPORT AND RECOMMENDATION</u>

Pending before the Court is the government's motion to dismiss Defendant's pretrial motions, (Doc. 234), under the fugitive disentitlement doctrine. For the reasons below, the undersigned **RECOMMENDS** that the government's motion, (Doc. 234), be **GRANTED**, and that Pineda-Carbajal's two pretrial motions, (Docs. 228, 229), be **DISMISSED**.

## I. <u>PROCEDURAL BACKGROUND</u>

On August 14, 2019, a federal grand jury sitting in the Northern District of Georgia returned a 13-count indictment charging four defendants, including Pineda-Carbajal, with various drug trafficking and firearms offenses. (Doc. 12.) Pineda-Carbajal was arrested six years later, on October 24, 2025, and was released on bond at his initial appearance. (*See* Docs. 209, 215, 221.) On May 22, 2026, defense counsel filed two motions to suppress, and the undersigned held a pretrial conference with counsel on June 3, 2026. (Docs. 228, 229, 230.) The Court then convened for a hearing to address Pineda-Carbajal's two motions on August 6, 2026, but Pineda-Carbajal did not appear as ordered. (Doc. 233.) Thereafter, on August 12, 2026, the government filed a motion to dismiss the two pretrial

motions, asserting that Pineda-Carbajal has fled to Mexico. (Doc. 234.) Defense counsel did not respond to the government's motion, rendering it unopposed.

## II. ANALYSIS

In its motion, the government argues that this Court should dismiss Pineda-Carbajal's two pretrial motions under the fugitive disentitlement doctrine. The Eleventh Circuit has long recognized that "district courts may sanction or enter judgment against parties on the basis of their fugitive status." *United States v. Adesina*, No. 1:18-CR-435-TWT-RGV, 2019 WL 12420731, at *2 (N.D. Ga. Oct. 1, 2019), *report and recommendation adopted*, 2019 WL 5530883 (N.D. Ga. Oct. 25, 2019) (citing *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998)). The fugitive disentitlement doctrine is an equitable remedy that "provides federal courts with the discretion to limit access by fugitives to the United States' courts," including allowing a court to enter judgment against the fugitive. *Id.* (citing *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017); *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998); *United States v. Nabepanha*, 200 F.R.D. 480, 483 (S.D. Fla. 2001)). As the government explains, this doctrine "disentitles the defendant to call upon the resources of the Court for determination of his claims" while he remains a fugitive. *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970). The doctrine considers, among other things, "the difficulty of enforcement against one not willing to subject himself to the court's authority, the inequity of allowing that 'fugitive' to use the resources of the courts only if the outcome is an aid to him, the need to avoid prejudice to the nonfugitive party, and the discouragement of flights from justice." *United States v. Barnette*, 129 F.3d 1179, 1183 (11th Cir. 1997).

The doctrine applies where the following three conditions exist: the defendant is a fugitive from justice, his fugitive status has a connection to the criminal action, and dismissal is necessary to effectuate the concerns underlying the fugitive disentitlement doctrine. *Adesina*, 2019 WL 12420731 at *2 (citing *United States v. Itriago*, No. 13-20050-CR-ZLOCH/HUNT, 2019 WL 1232128, at *2 (S.D. Fla. Feb. 8, 2019), *report and recommendation adopted,* 2019 WL 1228000, at *1 (S.D. Fla. Mar. 15, 2019); *United States v. The Pub. Warehousing Co. K.S.C.*, No. 1:09-CR-490-TWT, 2011 WL 1126333, at *3 (N.D. Ga. Mar. 28, 2011)). With respect to the first factor, a "fugitive from justice has been defined as '[a] person who, having committed a crime, flees from [the] jurisdiction of [the] court where [a] crime was committed or departs from his usual place of abode and conceals himself within the district.'" *Id.* (quoting *United States v. Barnette*, 129 F.3d 1179, 1183 (11th Cir. 1997)). Here, Pineda-Carbajal was ordered to appear at the evidentiary hearing on August 6, 2026, but did not appear. The government's motion alleges that, on June 6, 2026, three days after the pretrial conference, surveillance footage at the Hildago Port of Entry in Texas captured Pineda-Carbajal walking towards the U.S.-Mexico border. (Doc. 234 at 2, Ex. 1). According to the government and surveillance footage, "an older male and female accompanied Pineda-Carbajal and bid him farewell as he attempted to cross into Mexico." (*Id.)* The government further proffers that, while at the border, Pineda-Carbajal, who is a U.S. citizen, provided U.S. Customs and Border Patrol Officers with a Mexican identification card that belongs to his brother. (Doc. 234 at 2, Ex. 2) (redacted photograph of identification card). CBP Officers fingerprinted Pineda-Carbajal and discovered that he was not the person on the

Mexican identification card. (*Id.* at 3.) After stopping Pineda-Carbajal for questioning, CBP Officers found a phone on him. (*Id.*) The government explains that the call history contained only calls from that day (June 6, 2026), and all of the calls were to and from unsaved contacts. (*Id.*) CBP Officers found no other relevant data on the phone. (*Id.*) According to the government, "[t]his suggests the use of a 'burner' phone." (*Id.*) In the end, CBP Officers permitted Pineda-Carbajal to enter Mexico, and he has not returned to the United States. (*Id.*) As noted above, defense counsel did not provide any evidence to rebut the government's proffer, nor did counsel oppose the government's motion. Accordingly, the undersigned credits the proffer and finds that Pineda-Carbajal is a fugitive from justice.

Second, Pineda-Carbajal's fugitive status is connected to this criminal action as he was released on bond with conditions that he appear in court as required and that he not leave the Northern District of Georgia without permission. When ordered to appear for the evidentiary hearing on his two motions to suppress, he failed to do so.

Lastly, the concerns underlying the fugitive disentitlement doctrine will be furthered by denying the pending motions without reaching their merits. Since Pineda-Carbajal has absconded from the jurisdiction of this Court, he should not be allowed "to obtain the benefit of a favorable ruling . . . without risking the burdens that may flow from an adverse decision." *Id.* (citing *United States v. McCain*, No. 2:08-CR-156-WKW, 2009 WL 531916, at * (M.D. Ala. Mar. 3, 2009)).

## III. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the government's motion to dismiss Defendant's pretrial motions under the fugitive disentitlement doctrine, (Doc. 234), be **GRANTED,** and that Pineda-Carbajal's two pretrial motions, (Docs. 228, 229), be **DISMISSED**.

**SO RECOMMENDED** September 10, 2026.

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE